UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL BARRERA,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | No. 1:23-cv-1682-JLT-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO AFFIRM THE COMMISSIONER'S DECISION, AND TO DIRECT ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 15, 17)** |

### I.     Introduction

Plaintiff Abel Barrera seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to Title XVI of the Social Security Act.[1]

### II.     Factual and Procedural Background

Plaintiff applied for benefits on July 27, 2021. The Commissioner denied the applications initially on December 3, 2021, and on reconsideration on February 28, 2022. AR 102, 126. Plaintiff appeared for a hearing before an ALJ on January 5, 2023. AR 44. The ALJ issued an unfavorable decision on January 31, 2023. AR 25. The Appeals Council denied review and this appeal followed.

---

[1] The parties did not consent to the jurisdiction of a United States Magistrate Judge. Docs. 9, 10.

### III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the

claimant is or is not disabled.  20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: 1- whether a claimant engaged in substantial gainful activity during the period of alleged disability; 2- whether the claimant had medically determinable "severe impairments"; 3- whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; 4- whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work; and 5- whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level.  20 C.F.R. § 416.920(a)-(f).  While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience.  *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

**IV.   The ALJ's Decision**

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of July 27, 2021.  AR 30.  At step two the ALJ found that Plaintiff had the following severe impairments: schizophrenia, mood disorder, obesity, degenerative disc disease of the cervical spine, hypertension, degenerative joint disease of the left knee, and history of right cerebellar hemorrhage.  AR 30.

At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 31.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform a range of light work as defined in 20 C.F.R. 416.967(b) with the following limitations:

> He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs and occasionally balance, stoop, kneel, crouch, or crawl. He can never be exposed to unprotected high places or unguarded moving mechanical parts. He should avoid concentrated exposure to extreme heat and humidity. The claimant can understand, remember, and carry out simple instructions and make simple work-related decisions. He can tolerate occasional interactions with the public. The claimant can tolerate occasional interactions with coworkers so long as they are brief

> and superficial. He can tolerate occasional interactions with supervisors. He can work at a consistent pace in goal-oriented work throughout the workday but cannot perform work requiring a strict production rate (e.g., such as an assembly line work that the worker cannot control), or work that requires hourly quotas. The claimant can perform work with only occasional changes in a routine work setting.

AR 33.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 38. At step five, in reliance on the Vocational Expert's testimony, the ALJ found that considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform the following jobs existing in significant numbers in the national economy: 1- photocopy machine operator (DOT 207.685-014), 2- mail clerk, non-postal (DOT 209.687026), and 3- office clerk (DOT 239.567-010). AR 38. The ALJ therefore concluded that Plaintiff was not disabled at any point since the application date of July 27, 2021. AR 39.

## V.  Issues Presented

Plaintiff asserts three claims of error: 1- "The ALJ's Step 5 determination is unsupported by substantial evidence as there are clear discrepancies between the job descriptions and the limitations set forth in the RFC", 2- "The ALJ's RFC determination is not supported by substantial evidence because he failed in his duty to complete the record and obtain an opinion of Plaintiff's physical RFC from an examining physician", and 3- "The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints." MSJ at 3, Doc. 15.

### A.  Conflict Between Job Descriptions and the RFC

#### 1.  Applicable Law

Before proceeding to steps four and five, the ALJ determines the claimant's residual functional capacity (RFC) which is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a)(1). The RFC must consider all of the claimant's impairments, severe or not. 20 C.F.R. §§ 416.920(e), 416.945(a)(2). "The ALJ can meet this burden by setting out a detailed and thorough summary of

the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

> In the *Dictionary of Occupational Titles*, each job description includes a General Educational Development ("GED") definition that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Salas v. Astrue*, 2011 WL 2620370 at *5 (E.D. Cal. June 29, 2011) (quoting *Grigsby v. Astrue*, 2010 WL 309013 at *2 (C.D. Cal. Jan. 22, 2010)). The GED includes a scale for "reasoning development," which ranges from Level 1 (low) to Level 6 (high). *Id.* The *Dictionary of Occupational Titles* indicates Reasoning Levels 1 through 3 require the following cognitive functioning:
>
> Level 1: Apply commonsense understanding to carry out simple one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Level 3: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

*Cervantes v. O'Malley*, No. 1:22-CV-1565 JLT GSA, 2024 WL 1173827, at *3–4 (E.D. Cal. Mar. 19, 2024) (citing DOT- Appendix C, Section III, 1991 WL 688702; *Rounds*, 807 F.3d at 1002-1003).

Pursuant to SSR 00-4p:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information

### 2. **Analysis**

The ALJ formulated an RFC which reflects that Plaintiff can understand, remember and carry out "simple instructions and make simple work-related decisions." AR 33.

Plaintiff emphasizes that one of the jobs identified by the VE (mail clerk) has a DOT reasoning level of 3, and that jobs with a reasoning level of 3 are incompatible with a limitation to simple work. MSJ at 6 (citing *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir 2015) (holding that "Today, we join the Tenth Circuit and hold that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning").

Nevertheless, the error was harmless because the VE also identified two jobs with a reasoning level of 2—photocopy machine operator (DOT 207.685-014) and office clerk (DOT 239.567-010)—and jobs with a reasoning level of 2 are compatible with a limitation to simple work as the Ninth Circuit, this Court, and other courts have uniformly held. *See Davis v. Saul*, 846 F. App'x 464, 466 (9th Cir. 2021) ("simple work is consistent with positions requiring Reasoning Level 2."); *Cervantes v. O'Malley*, No. 1:22-CV-1565 JLT GSA, 2024 WL 1173827, at *4 (E.D. Cal. Mar. 19, 2024) ("The Ninth Circuit has repeatedly indicated the ability to perform "simple" work corresponds with Reasoning Level 2 abilities.); *Meissl v. Barnhart*, 403 F. Supp. 2d 981 (C.D. Cal. 2005) (finding no conflict between limitation to simple/routine tasks and jobs with a reasoning level of R2).

Plaintiff argues that the jobs with a reasoning level of 2 are still inconsistent with the RFC notwithstanding the above-cited precedent because: 1- the jobs identified by the VE were not updated in the DOT since 1991, 2- O*NET (not the DOT) is the job database used by "the majority of federal agencies in modern times," 3- per the O*NET, photocopy machine operator and office clerk are at an SVP (specific vocational preparation) of 4 or higher; 4- jobs with an SVP of 4 or higher are semi-skilled, rather than unskilled; and 5- as such, these jobs are inherently inconsistent with the RFC. MSJ at 6.

Plaintiff's contentions about O*NET's widespread use are unsupported. Plaintiff also fails to

substantiate the contention that the agency, or the Court, can rely on O*NET over the DOT. Thus, there is no basis to find a conflict between the RFC for simple work and the mental demands of photocopy machine operator or office clerk.

### B. Duty to Complete the Record with a Physical RFC Opinion from an Examining Source

#### 1. Applicable Law

The ALJ has a duty to develop the record … even when the claimant is represented by counsel." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The duty is triggered where the evidence is ambiguous or inadequate for adjudication. *Id.* "A specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy."). *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

#### 2. Analysis

Plaintiff's argument begins with two pages of string citations and lengthy quotations emphasizing that an ALJ may not play doctor, interpret raw medical data, consult medical textbooks, or substitute her opinion for that of a medical professional. Plaintiff offers no discussion as to how those cases apply here. MSJ at 7–8. The argument that a medical opinion from an examining source is nearly always required and that an ALJ cannot translate clinical findings in functional terms is not altogether correct. More correctly, the ALJ is tasked with that function. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

Plaintiff then provides the following 1-paragraph analysis:

> Here, the ALJ denied Plaintiff's request to be sent for an orthopedic consultative examination for evaluation of his physical impairments. Ar. 28. The ALJ denied, stating that the "record contains ample evidence of [Plaintiff]'s physical impairments." Ar. 28. However, this is simply false. Specifically, although the record contains objective medical imaging and some objective findings (see e.g. Ar. 1000), it is important to note that the record does not contain any medical opinion relating to Plaintiff's ability to use his extremities. Rather, the state agency medical consultants only considered Plaintiff's spinal impairments as opposed to his other orthopedic impairments. Ar. 87, 110-11. The

> ALJ noted that they did not consider Plaintiff's ability to use his upper extremities, his knee pain, and neck pain (Ar. 36), but somehow still determined that the record was sufficient to deny Plaintiff's request for a consultative evaluation.

MSJ at 8–9. Plaintiff concludes the argument by asserting that the error was harmful because the medical vocational guidelines (grids) would mandate a disability finding if Plaintiff was limited to the sedentary exertional level. *Id.* at 9.

Notably, Plaintiff's brief contains no summary of medical evidence or related discussion. Rather, under the heading "Summary of Relevant Medical Evidence," Plaintiff states that "All relevant evidence and testimony has been incorporated into the discussion below." MSJ at 4. Yet, as quoted above, that is not the case. Plaintiff does not discuss evidence he believes is pertinent to his ability to use his extremities, his knee impairment, or his neck impairment. Plaintiff likewise does not point out what limitations those records might support. Rather, Plaintiff avoids the issue by simply arguing that the ALJ needed to obtain an examining opinion concerning same. Importantly, more development of the argument was needed from Plaintiff to explain exactly why remand is necessary.

Moreover, Plaintiff has the primary obligation not only to furnish medical evidence but to prove disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a) ("In general, you have to prove to use that you are blind or disabled"); *Tidwell v. Apfel*, 161 F.3d 599, 600 (9th Cir. 1999) ("[a]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits"); SSR 17-4p ("Although we take a role in developing the evidentiary record in disability claims, claimants and their appointed representatives have the primary responsibility under the Act to provide evidence in support of their disability or blindness claims.") Plaintiff's burden is not limited to the agency level but extends to Plaintiff's arguments on appeal. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (stating a reviewing court ordinarily will not consider an issue that a claimant fails to argue "with any specificity" in the opening brief). *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . ."). Consistent with that obligation, the scheduling order

issued in this case instructs that the motion for summary judgment shall contain: a) "A description of the Plaintiff's alleged physical or mental impairments . . ."; and b) "a summary of all relevant medical evidence . . ."; Doc. 5 at 3.

Because Plaintiff makes no attempt to discuss the nature of his orthopedic impairments, the evidence concerning the same, and the limitations such evidence might support, there is no basis to conclude the ALJ erred in declining to obtain consultative physical examination.

### C.      Subjective Complaints

#### 1.      Applicable Law

An ALJ performs a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281; S.S.R 16-3p at 3. First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014; *Smolen*, 80 F.3d at 1281–82. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ must "evaluate the intensity and persistence of [the claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." S.S.R. 16-3p at 2.

An ALJ's evaluation of a claimant's testimony must be supported by specific, clear and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *see also* S.S.R. 16-3p at *10. Subjective testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," but the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); S.S.R. 16-3p (citing 20 C.F.R. § 404.1529(c)(2)).

As the Ninth Circuit recently clarified in *Ferguson*, although an ALJ may use "*inconsistent objective medical evidence in the record to discount subjective symptom testimony*," the ALJ

"cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating *every* allegation within the subjective testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

In addition to the objective evidence, the other factors considered are: 1- daily activities; 2- the location, duration, frequency, and intensity of pain or other symptoms; 3- precipitating and aggravating factors; 4- the type, dosage, effectiveness, and side effects of any medication; 5- treatment other than medication; 6- other measures the claimant uses to relieve pain or other symptom;  and 7- Other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. See, 20 C.F.R. § 416.929(c)(3)

### 2. **Analysis**

Plaintiff's argument concerning his subjective complaints is devoid of any discussion of the evidence in question, namely his subjective complaints.  Rather, Plaintiff provides four pages of legal recitation followed by a conclusory critique of the ALJ's analysis asserting that it was too general:

> "It is problematic that the ALJ failed to indicate which of Plaintiff's allegations are not supported by objective findings." Godinez v. Berryhill, No. SACV 17-0194 SS, 2017 WL 6349720, at *4 (C.D. Cal. Dec. 11, 2017) (citing Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001)) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). The ALJ's general summary of evidence offers no finding or conclusion as to what evidence undermines which portions of Plaintiff's alleged limitations.

MSJ at 10.

It is not sufficient to simply argue that the ALJ failed to meet his burden to identify the testimony being rejected and the evidence that undermines it.  This approach would suggest that there is a rebuttable presumption of disability for the ALJ to overcome, which is not the case. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability.").

10

Consistent with that obligation, the scheduling order issued in this case instructs that the motion for summary judgment shall contain: c) "a summary of the relevant testimony at the administrative hearing." Doc. 5 at 3.

Plaintiff neglects to identify, summarize, cite, or reference testimony or subjective complaints from anywhere in the record concerning his pain and other symptoms.[2] Plaintiff likewise neglects to explain what limitations his subjective complaints would support. Accordingly, the argument falls short of establishing any basis to remand for further evaluation of his subjective complaints.

## VI. Recommendations

For the reasons stated above, substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, the recommendation is as follows:

1. That Plaintiff's motion for summary judgment (Doc. 15) be **DENIED.**

2. That Defendant's cross-motion (Doc. 17) be **GRANTED.**

3. That the decision of the Commissioner of Social Security be **AFFIRMED**.

4. That the Court Clerk of Court be directed to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff.

## VII. Objections Due Within 14 Days

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

---

[2] Preemptively addressing Defendant's potential counterarguments about activities of daily living undermining his testimony is also insufficient in that Plaintiff skips the first step: identifying the testimony in question. *See* MSJ at 11 ("While Defendant may also attempt to argue that the ALJ noted Plaintiff was able to perform activities of daily living in discounting his subjective complaints (Ar. 36), this would do nothing to clear the ALJ's decision of errors.").

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: __**February 26, 2025**__                       **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE