**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Abel Barrera, | Case No. 1:23-cv-1682-JLT-GSA |
| Plaintiff, | ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S REQUEST TO AFFIRM; AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT AGAINST PLAINTIFF |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |
| | (Docs. 15, 17, 19) |

Abel Barrera seeks judicial review of a final agency decision denying his application for benefits under the Social Security Act.  (*See* Docs. 1, 15.)  He argues the administrative law judge (ALJ) who denied his application made three errors.  First, Barrera argues there are "clear discrepancies" between his residual functional capacity (RFC) and the requirements for the jobs the ALJ concluded that Barrera could perform.  (Doc. 15 at 5–7.)  Second, Barrera argues an orthopedic consultative examination was necessary to shed light on his ability to use his extremities and that without this exam, the ALJ's decision is not supported by substantial evidence.  (*Id.* at 7–9.)  Third, Barrera argues the ALJ wrongly rejected Barrera's subjective assessment of his own limitations.  (*Id.* at 9–12.)  He requests a remand to the agency for further proceedings.

The matter was referred to the assigned magistrate judge.  The magistrate judge has prepared Findings and Recommendations, which explain why Barrera has not justified a remand.

1

Barrera did not support his arguments about job descriptions with evidence or authority. (Doc. 19 at 6–7.) He did not cite medical evidence in the record to explain why an orthopedic consultative examination was necessary. (*Id.* at 7–8.) He did not "identify, summarize, cite, or reference testimony or subjective complaints" in the record to explain what the ALJ was wrong to reject. (*Id.* at 10–11.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (*Id.* at 11–12.) The Court advised the parties that the failure to file objections within the specified time may result in the waiver of rights on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Barrera filed a few short objections. (Docs. 20.) The court has thus reviewed the matter de novo under 28 U.S.C. § 636(b)(1) and concludes the Findings and Recommendations are supported by the record and proper analysis. Barrera's objections do not identify errors in the Findings and Recommendations. Contrary to those objections, the Findings and Recommendations do not simply scold him or contradict controlling precedent. (*See* Doc. 20 at 2–3.) The magistrate judge applied the longstanding rule that it is a claimant's burden to establish an entitlement benefits "[a]t all times," *Tidwell v. Apfel*, 161 F.3d 599, 600 (9th Cir. 1999), and that courts do not supply arguments or evidence for a litigant who does not do so, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

Thus, the Court **ORDERS**:

1.     The Findings and Recommendations (Doc. 19) are **ADOPTED**.

2.     Plaintiff's motion for summary judgment (Doc. 15) is **DENIED**.

3.     Defendant's request to affirm the administrative decision (Doc. 17) is **GRANTED**.

4.     The Clerk of Court is directed to enter judgment in favor Defendant Commissioner of Social Security, against Plaintiff Abel Barrera, and to close this case.

IT IS SO ORDERED.

Dated:    **January 29, 2026**

UNITED STATES DISTRICT JUDGE

2